REDMANN, Judge.
Defendant seeks by this appeal a reduction in amount of an $1,815 judgment for damages from an automobile-truck collision.
Presumably included in the judgment were $250 stipulated property damage, and $115 medical expenses. The remaining $1,450 awarded by the trial judge may or may not have included $250 for loss of wages, as to which defendant insists plaintiff’s uncorroborated testimony both as to fact and amount constitutes inadequate proof.
Plaintiff’s car was struck on the right side with sufficient force to dislodge him from the driver’s seat and to cause the right door to strike him.
He suffered a severe contusion of the right rib cage and a superficial laceration over the scapular area, and a limitation of abduction of the right shoulder. Treated with muscle relaxants and physiotherapy, *802 he was discharged by his first physician two weeks after the injury “at which time he had no complaints referrable to the injury” and examination of the injured areas "revealed no evidence of injury.”
Two and a half weeks later plaintiff was seen by an orthopedic surgeon, to whom he complained of aching discomfort in the neck and right shoulder when sitting for any length of time. This second physician reported the impression plaintiff had apparently sustained a sprain of the cervical spine about four weeks ealier, and that his prolonged sitting as a truck driver aggravated his symptoms. The doctor made no recommendation for treatment other than local heat and salicylates for symptomatic relief.
Two months after the accident the second physician saw plaintiff again because of continued discomfort and aching in the right side of the base of the neck and tenderness in the right trapezius area.
And again the physician expressed the opinion plaintiff’s work as a truck driver aggravated his discomfort, which lends corroboration at least to the fact, as testified by plaintiff, that he was unable to work during the first two weeks after the accident. This does not, of course, corroborate his testimony that he lost $250 wages; but since the judgment does not specifically award lost wages in that amount we believe we would in no case be justified in reducing by that amount.
The record thus fairly establishes that plaintiff experienced severe pain for a week or so, and milder discomfort for several weeks thereafter.
Under the circumstances we cannot find any abuse of discretion by the trial judge in awarding $1,450; we cannot say the amount is manifestly excessive, which we would have to do in order to reduce the quantum, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
The judgment appealed from is therefore affirmed at appellant’s cost.
Affirmed.